## GASKILL et al. v. THOMSON et al.

### No. 11895.

Circuit Court of Appeals, Eighth Circuit.

April 22, 1941.

Rehearing Denied May 9, 1941.

---

* S.Rep.No.985, 74th Cong., 1st Sess.; H.Rep.No.1808, 74th Cong., 1st Sess.

S. L. Winters, of Omaha, Neb. (George Burger, of Omaha, Neb., on the brief), for appellants.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely, of Omaha, Neb., and W. T. Faricy, of Chicago, Ill., on the brief), for appellee Charles M. Thomson, trustee.

W. M. McFarland, of Omaha, Neb. (J. M. Grimm, of Cedar Rapids, Iowa, and W. C. Fraser, of Omaha, Neb., on the brief), for appellees George Kimball et al.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a civil action against the Trustee in Reorganization of the Chicago & Northwestern Railway Company and others, brought by forty one conductors and trainmen belonging to a class or group of the Trustee's employees known as the Nebraska Division of Trainmen. They allege in their petition that by virtue of certain written contracts entered into by the railroad and now obligatory upon the Trustee, the members of said Nebraska Division of Trainmen were accorded the right to perform the work of conductors and trainmen upon certain stretches or runs of the railroad between Omaha, Nebraska, and Sioux City, Iowa, but that although plaintiffs were at all times ready, willing and able to perform, the defendant has denied that the contracts accord the right to performance of the work to the members of said Nebraska Division of Trainmen or that the plaintiffs have the rights they claim, and has breached the contracts and does now and has continuously awarded the work to other persons.

It is alleged that the rights of the individual plaintiffs, members of the Nebraska Trainmen's Division, in respect to each other, are fixed by so called seniority rules by which defendant Trustee is bound, and that such individual rights are ascertainable by computation, but that the right of each is related to the right of the others, and that all of the members are necessary parties to such a determination. They seek a declaratory judgment that the defendant is now and has been obligated by the contracts to allot the said work to the members of the Nebraska Division of Trainmen, including the plaintiffs; they pray that an accounting be made of the amount and cost of the work that should have been allotted to the Nebraska Division of Trainmen members but which has been wrongfully allotted to others, and that the amount of work that each of the plaintiffs has been wrongfully deprived of be determined, and that judgment be given each of the plaintiffs for such an amount as he would have earned if his right to perform the work had not been wrongfully denied him.

A member of the Sioux City Division of the Chicago & Northwestern Trainmen was made a party defendant to the petition and subsequently an order was entered making the Brotherhood of Railroad Trainmen and Order of Railway Conductors parties defendant.

Issues were joined by the Trustee in Reorganization but all parties defendant questioned the jurisdiction of the District Court as to the amount in controversy, diversity of citizenship being conceded. The court tried out the question of the amount in controversy separately and prior to trial of the merits of the case and evidence was adduced pro and con in the form of affidavits. The court found that the claims of the plaintiffs were separable and could not be aggregated to make up the jurisdictional amount and that no plaintiff had shown the requisite amount involved as to his claim; that the evidence submitted by the defendants, considered together with the allegations of the petition, established that the amount in controversy as to any one plaintiff did not reach to the requisite sum, and the case was dismissed for want of jurisdiction. From the order of dismissal the plaintiffs have appealed.

### Opinion.

The only question here is whether the matter in controversy in the action exceeds the sum or value of $3,000, exclusive of interest and costs, so as to give the District Court jurisdiction. Jud.Code § 24(1), 28 U.S.C.A. § 41(1). The complaint alleged that the requisite amount was involved, but the District Court adopted and followed a fair and proper procedure to determine the facts upon which its jurisdiction depended, [1] and the evidence which was adduced by the parties upon the issue and considered by the court has been properly brought up on this appeal.

The trial court was persuaded upon the showing made that the work that any one of the plaintiffs could claim to have lost up to the filing of the petition would not have amounted to $3,000, and that no one of the plaintiffs had a claim of loss for deprivation of work amounting to $3,000 up to that time, and we think the evidence supports that conclusion of the court.

But we are of the opinion that the criterion adopted for determination of the matter in controversy in the action and the value thereof was erroneous. Our conclusion is that the essential matter in controversy disclosed by the pleadings and the evidence is the right of the members of the Nebraska Division of Trainmen, identified by their membership in that group or class, to perform the work of conductors and trainmen upon the stretch or run of railroad described in the complaint. The railroad has denied the right and does now and will continue to deny the right to the Nebraska Division of Trainmen—that is, to the class or group of workmen which asserts and claims it. That is the dispute and that defines the essential matter in controversy. Under these circumstances the issue on jurisdiction is the value of the right of the Nebraska Division of Trainmen to carry on through its members the work they claim the several contracts of the railroad have allotted to the Nebraska Division of Trainmen. Although no individual plaintiff has yet lost the sum of $3,000 through being deprived of the claimed right to do the work, the testimony very clearly establishes that the amount involved in the controversy, as we have stated it, does greatly exceed the jurisdictional requirement. The trainman and conductor wages on the designated runs for the life of the contracts will greatly exceed $3,000.

We think that the principles that governed decision in Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111, are applicable to this case and require us to hold that the matter in controversy—the value of the aggregate rights of all the members of the Nebraska Division of Trainmen to be allotted work while the alleged contracts continue and to recover a sum of money as damages for work heretofore wrongfully denied them—exceeds $3,000 in value and that the case is within federal jurisdiction. It is true the facts in Gibbs v. Buck, supra, may be distinguished in many respects from those here involved. There the members of the society of composers, authors and publishers were prohibited by the Florida statute from combining in the form of such society to carry on the business of licensing their productions. Here the railroad has not prohibited the plaintiffs from membership in the Nebraska Division of Trainmen, but the reason for its refusal of the work to the plaintiffs is that another Division of Trainmen, and not the Nebraska Division, is entitled. The prohibition against doing the work is against the class and the plaintiffs constitute the class. No individual plaintiff can obtain any relief in the action until their collective right as a class is established. The common and collective right of the conductors and trainmen to recognition by the railroad of their Nebraska Division of Trainmen is fairly analogous to the common and collective right of the authors and publishers to preserve the immunity of their society from the action of the State of Florida considered in the Gibbs case. As in that case, these plaintiffs have a common and undivided interest in the matter of establishing the right of their class. The aggregate value of the work claimed by the class is therefore the criterion for jurisdiction.

The appellees cite Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, and McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, as compelling an opposite conclusion. In Clark v. Gray each of the plaintiffs was a taxpayer and each sought to enjoin a tax

---

[1] Gibbs v. Buck, 307 U.S. 66, loc. cit. 72, 73, 74, 75, 59 S.Ct. 725, loc. cit. 729, 83 L.Ed. 1111: "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."

**108**

applicable to him and we do not find the decision that each was required to show the jurisdictional amount involved as to him to be relevant in this case. In KVOS, Inc., v. Associated Press the plaintiff sought to enjoin certain wrongful conduct which threatened damage to plaintiff's business, but there was failure to prove that the threatened damage would equal $3,000. McNutt v. General Motors Acceptance Corp. went off on the failure of proof or findings upon the issue of fact whether or not the jurisdictional amount was involved.

None of the cases called to our attention seems to us to be contrary to our conclusion here, that the matter in controversy here is of the value of more than $3,000. We have found the plaintiffs' petition very difficult of analysis and have stated its intendments as we understand them, most favorably to the pleader, for the purpose of passing on the sole question of jurisdiction raised on the appeal. We have not considered any question going to the merits of the case or the sufficiency of the pleadings.

The judgment of dismissal is reversed and the cause remanded.